By the Court,

Cowen, J.
No consideration being directly mentioned in the letter, which (as it is contended) meant a precedent account, the question is whether it can be sustained, under the circumstances, as a valid guaranty consistently with the statute of frauds. It cannot, if the words your account necessarily mean a precedent account. If they should be understood to mean your account yet to be made, then the letter was in effect a common order for the prospective delivery of goods; and the defendant is clearly liable. I am of opinion that the words are ambiguous, and therefore open to explanation by parol. The words your account may mean either your past or future account; and from the conduct of the parties and other extrinsic facts, no doubt is left which was really-intended. In Haigh v. Brooks, (10 Adolph. & Ellis, 309,) the words addressed to the plaintiffs were, “ In consideration of your being in advance to L. in the sum of £10,000, for the purchase of cotton, I do hereby give you my guaranty for that amount on their behalf.” It was held, by the exchequer chamber, that the guaranty did not necessarily imply a past ad *202 vanee; and that the plaintiffs might show on the trial that future advances were contemplated.
The case is in point, and I think sustained by the principle of many other decisions. Guaranties must, as we have lately held in several cases, be construed by the same rules and may be explained by the same evidence as other contracts. There is no reason for any distinction. But independently of oral explanation, the words being those of the guarantor, must be taken most strongly against him.
I am of opinion that the nonsuit should he set aside, and a new trial granted ; costs to abide the event.
New trial granted.